[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12318

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAVARUS COHEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20069-FAM-1

———————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Tavarus Cohen appeals his 63-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends the district court gave insufficient weight under 18 U.S.C. § 3553(a) to certain mitigating circumstances, such as his troubled upbringing and efforts at self-improvement, and instead focused too heavily on prior criminal conduct, resulting in a substantively unreasonable sentence. After careful review, we affirm the district court's sentence.

## I.    BACKGROUND

A federal grand jury returned an indictment charging Cohen with one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cohen pled guilty under a written plea agreement. Before Cohen's sentencing, a probation officer prepared a presentence investigation report ("PSI"). The PSI provided a description of the offense conduct, to which Cohen did not object.

In summary, it asserted that Miami police officers arrived on the scene of an alleged altercation to find Cohen with multiple small, bloody lacerations on his face. When officers approached, Cohen initially tried to walk away. But he complied with officers' instructions to stop.

The officers patted Cohen down for weapons. While that was happening, Cohen voluntarily indicated that he had a gun holstered in his waistline. When the officer checked, sure enough, the officer found and then removed a loaded Springfield Armory 9-mm handgun from Cohen's waistband. Cohen also said he was a convicted felon. A records check revealed that Cohen, in fact, had twenty felony convictions and had not had his right to possess a firearm restored. At this point, the officers arrested Cohen.

That same day, Cohen was released on bond. But less than three weeks later, he was arrested again for possession of ammunition by a convicted felon and possession of cocaine.

For this conduct, the PSI assigned Cohen a base offense level of 20. But because the PSI recommended finding that Cohen accepted responsibility, under U.S.S.G. § 3E1.1(a) and (b), the PSI recommended a reduced offense level of 17.

The PSI also attributed 17 criminal-history points to Cohen, placing him in the highest criminal-history category of VI. That criminal history included, among other things, several convictions for drug crimes, a conviction for possession of a firearm by a convicted felon, and a conviction for attempting to bring marijuana into a prison. The PSI listed also nine prior sentences that were not counted towards Cohen's criminal-history points,[1] as well as

---

[1] These include convictions in 2001, 2004, and 2011 for grand theft; convictions in 2002 for carrying a concealed firearm and unlawful possession of a firearm by a convicted felon; and convictions in 2002, 2006, and 2009 for drug-related offenses.

charges that either were not prosecuted or were pending.[2]  In short, according to the PSI, Cohen has been arrested 45 times, convicted of 20 felonies, and sentenced to state prison twice, serving a forty-two-month sentence in 2009 for felon in possession and a 20-month sentence in 2013 for introducing contraband into a prison.

With an adjusted offense level of 17 and a criminal-history category of VI, Cohen's applicable guidelines range was 51 to 63 months' imprisonment.  The statutory maximum term of imprisonment that Cohen could have received was ten years. 18 U.S.C. § 924(a)(2).

Beyond his criminal behavior, as relevant here, the PSI noted that Cohen was mainly raised by a single mother.  When he was four or five years old, he was physically abused by his maternal uncle, who also lived in the house. And Cohen was five when his mother married his stepfather, who was addicted to controlled substances during Cohen's "formative years."  Cohen consumed his first alcoholic beverage at age 8, smoked marijuana for the first time at age 13, and uses marijuana daily.

As far as educational skills and employment go, Cohen received his GED in 2009, completed a semester of business

---

[2] The then-pending charges were for driving with a suspended license in 2019 and then failing to appear in March 2022, as well as the February 23, 2022, charges for possession of cocaine and unlawful possession of ammunition by a convicted felon.

management that year, and has owned a silk-screen printing business since 2018.

At sentencing, Cohen contended that the district court should consider his personal growth given his troubled and tumultuous upbringing. Specifically, he asserted that his single-parent household and abuse led to his long history of substance abuse, and that his "poor choices" do not "tell the entire story." As Cohen described it, he made attempts at self-improvement, including serving as a mentor in his daughters' lives, obtaining his GED and college credits, and finding employment while he was not incarcerated. As to his offense conduct—(once again) being a convicted felon in possession of a firearm—Cohen maintained he carried firearms to protect himself, and he asked the court to consider that he took accountability at every stage of the instant offense, showing respect for the court and law enforcement.

For its part, the government argued that a 63-month sentence was appropriate given Cohen's criminal history. In particular, the government emphasized Cohen's repeated convictions for possession of firearms as a felon and his continued criminal activity even while incarcerated—that is, his introduction of marijuana into prison. The government also pointed out that Cohen was arrested for possession of cocaine while out on bond for the instant offense and that the PSI contained many instances of unprosecuted violent conduct. Based on these circumstances, the government argued for a sentence at the high end of the guidelines, asserting it would

best serve the goals of specific deterrence, protecting the public, and promoting Cohen's respect for the law.

The district court explicitly mentioned its obligation to consider all § 3553(a) factors and ultimately imposed a sentence of 63 months' imprisonment, followed by 3 years of supervised release. It acknowledged Cohen's acceptance of responsibility and indicated that it would impose a sentence within the guidelines.[3] But noting the repeated nature of Cohen's offenses and that his half-sisters dealt with a similar upbringing and were able to overcome the circumstances, the court explained that to protect the public, it would not impose a sentence at the low end of the guidelines.

On appeal, Cohen argues the district court's sentence is substantively unreasonable. He contends that the district court's focus on his prior weapon-related offenses was insufficient to account for the sentence imposed. In Cohen's view, the 63-month sentence goes beyond what is necessary to achieve the goals of deterrence, rehabilitation, and punishment. Cohen argues that he carried firearms for self-defense, not for the purpose of violent crimes. He urges that the district court failed to consider all the § 3553(a) factors and this court should vacate his sentence and remand for re-sentencing.

---

[3] The judge noted he believed Cohen should be punished for longer, but because of Cohen's acceptance of responsibility, stated he would sentence Cohen within the guidelines.

## II.  DISCUSSION

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "Substantive reasonableness involves examining the totality of the circumstances and whether the sentence is supported by the sentencing factors outlined in § 3553(a)." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). The challenging party bears the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

"A district court abuses its discretion and imposes a substantively unreasonable sentence only if it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted). It commits a clear error of judgment when it considers the proper factors but balances them unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). But the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Instead, it is enough that the record reflects the district court's consideration of the § 3553(a) factors. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). Thus, the failure to discuss mitigating evidence does not necessarily indicate that the district court erroneously ignored or

failed to consider this evidence.  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

That said, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public from the defendant's future criminal conduct, and effectively provide the defendant needed training, care or treatment.  *See* 18 U.S.C. § 3553(a)(2).  In addition, the court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the guideline sentencing range; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

We "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor." *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).  We will vacate a district court's sentence as substantively unreasonable only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v.*

*Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted).[4]

While we do not apply a presumption of reasonableness to sentences within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). And "a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021).

Here, the district court did not abuse its discretion, and its sentence is not substantively unreasonable. The record reflects that the court did not ignore relevant factors, did not give significant weight to an improper factor, and did not clearly err in considering proper factors. *See Rosales-Bruno*, 789 F.3d at 1256. Instead, it examined the totality of the circumstances, and the resulting sentence is supported by the sentencing factors outlined in § 3553(a). *See Wayerski*, 624 F.3d at 1353.

Although Cohen claims the district court did not give sufficient weight to certain factors, including his troubled childhood and rehabilitation efforts, the sentencing transcript shows the court in fact did acknowledge Cohen's tough background. The judge noted he had read the PSI, mentioned Cohen's childhood and drug-abuse problems, and looked favorably upon Cohen's acceptance of

---

[4] The district court may base its findings of fact on undisputed statements in the PSI. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). "[F]ailure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

responsibility.  Even if the district court didn't explicitly mention every piece of mitigating evidence, that does not mean it erroneously failed to consider it.  *Amedeo*, 487 F.3d at 833.  Here, the record reflects the court's consideration of the § 3553(a) factors.  *See Cabezas Montano*, 949 F.3d at 609.

In declining Cohen's request to impose a low-end guideline sentence, the district court noted that not only did Cohen's siblings overcome the same circumstances, but also, the court simply elected to give more significant weight to Cohen's repeated criminal history and convictions for possession of firearms as a felon. Past criminal behavior is not an improper or irrelevant factor. *Rosales-Bruno*, 789 F.3d at 1256.  And we defer to the district court's reasonable assessment of the weight that should be accorded to each 3553(a) factor.  *Perkins,* 787 F.3d at 1342.  Here, the district court's determination that Cohen's criminal history and repeated convictions for possession of firearms as a felon outweighed Cohen's mitigating circumstances was not unreasonable.  The 63-month sentence imposed is also within the guidelines range and well below the statutory minimum of ten years, both of which serve as indicators of a reasonable sentence.  *Stanley*, 739 F.3d at 656; *Taylor*, 997 F.3d at 1355.  We are left with no definite and firm conviction that the district court committed a clear error.  *See Goldman*, 953 F.3d at 1222.

In sum, the district court did not impose a substantively unreasonable sentence.  The court considered the totality of the circumstances—including Cohen's lengthy criminal history and prior

gun-related offenses, properly relied on his unobjected-to conduct in the PSI, and did not commit a clear error of judgment when it weighed the § 3553(a) factors.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**